## United States District Court
## District of Puerto Rico

### AFFIDAVIT

I, Michael Villanueva Acevedo, a Special Agent with the Department of Homeland Security Investigations, hereinafter referred to as HSI, being duly sworn, depose and state as follows:

### BACKGROUND

1. I am a Special Agent of the United States Department of Homeland Security (DHS), Immigration and Customs Enforcement (ICE), Homeland Security Investigations (HSI), San Juan, Puerto Rico and have been so employed since 2022. I am an investigative or law enforcement officer of the United States who is empowered to conduct investigations of or to make arrests for offenses enumerated in 18 U.S.C. § 2516. As a Special Agent, my responsibilities include conducting investigations of the alleged manufacture, distribution and possession of controlled substances, importation of controlled substances, smuggling of goods into the United States, firearm's violations, and other related offenses.

2. I have attended the Homeland Security Investigations Special Agent Training (HSISAT) at the Federal Law Enforcement Training Center in Glynco, Georgia. I was trained in conducting investigations related to general violations and narcotics smuggling, which includes distribution activities where investigations commonly conducted are related to violations of Titles 8, 18, 19, 21 and 31 of the United States Code (USC). I have had approximately 600 hours of training by the Georgia Peace Officer Standards and Training Council (POST). I am a graduate of Savannah State University with a Bachelor of Science in Criminal Justice. I served as a Police Officer with the Savannah Police Department for approximately three years. I have participated in the execution of numerous search/arrest

warrants throughout the city of Savannah, Georgia and as a result, have participated in the seizure of evidence to include firearms and narcotics.

3. Because this affidavit is submitted for the limited purpose of establishing probable cause justifying the issuance of an arrest warrant, I have not included details of every aspect of this investigation. I am thoroughly familiar with the information contained in this Affidavit, either through personal investigation or through discussions with other law enforcement officers who have interviewed individuals or personally have obtained information, which they in turn have reported to me.

4. The facts and information contained in this affidavit are based on my personal knowledge, as well as upon information received in my official capacity from other individuals, including other federal, state, and local law enforcement officers. Because this affidavit is being submitted for the limited purpose of securing a criminal complaint charging Jose SANTOS-PANIAGUA for 18 U.S.C. § 922(o)– Possession of a Machinegun. I have set forth only the facts that I believe are necessary to establish probable cause to support this criminal complaint.

## Facts In Support of Probable Cause For Criminal Complaint

5. On February 16, 2025, at approximately 1800 hours, Ramey Sector Border Patrol Agents (BPAs) participating in a targeted enforcement action were conducting surveillance in an area known as a hotspot for illegal aliens. Agents were attempting to locate a subject identified by Ramey Sector Intelligence as fugitive who had been ordered removed by an immigration judge.

6. While patrolling near the subject's last known address in Barrio Obrero, San Juan, Puerto Rico, Agents observed three individuals standing behind a parked vehicle in the area of Pumarada/Delbrey street in San Juan, PR. One of the individuals appeared to match the

general physical description of the fugitive being sought. Agents identified themselves as Border Patrol Agents and greeted the individuals. One of the subjects, later identified as Jose SANTOS-PANIAGUA, attempted to flee on foot. Agents issued verbal commands for the subject to stop, at which point he raised his hands. Agents then observed a firearm and two magazines in the subject's waistband. When asked if he had a license for the firearm, the subject stated that the firearm was "illegal" and that he did not possess a firearm license. The subject was later determined to be a Lawful Permanent Resident (LPR).

7. The firearm was secured and the subject was detained for further investigation regarding the firearm.

8. The seized firearm was identified as a Glock 9mm pistol (serial number BHHX471) with two loaded 31-round magazines and one loaded 15-round magazine. A total of 75 .9mm live rounds were seized from SANTOS-PANIAGUA. The firearm had a modified aftermarket protruding custom back plate modified with a machinegun conversion device or "chip", designed to allow it to fire more than one round with a single pull of the trigger. It is important to note that normal "Glock" pistols do not have such backplate and the protruding backplate is obviously visible to anyone handling the firearm even without manipulating the firearm. Based on my training and experience, users who modify their Glock pistols into a machinegun regularly carry high-capacity magazines and large amounts of ammunition because of the very high fire rate of the pistol. This allows the user to fire the weapon for an extended time instead of firing the weapon for a short amount of time using a regular magazine.

9. Your affiant submits that the obvious nature of the modification, the presence of multiple magazines (including two of high capacity), the large amount of ammunition

possessed, along with his statement that the firearm was illegal, provide probable cause that SANTOS-PANIAGUA was aware of the characteristics that made the firearm into a machinegun.

10. Record checks on the firearm indicated that it was not registered in any database.

11. Homeland Security Investigations (HSI) was contacted and advised of the incident. SANTOS-PANIAGUA did not waive his Miranda rights and did not make any statements to HSI agents. HSI took custody of the weapon and ammunition, along with three cell phones.

12. Below are some pictures of the seized firearm and the modification utilizing a "chip" to make the firearm fire more than one round with a single press of the trigger.





13. Based on the foregoing facts and circumstances, your affiant submits that probable cause exists to believe that Jose SANTOS-PANIAGUA violated 18 U.S.C. § 922(o)– Possession of a Machinegun.

I declare that the foregoing is true and correct to the best of my knowledge.

MICHAEL S VILLANUEVA ACEVEDO
Digitally signed by MICHAEL S VILLANUEVA ACEVEDO
Date: 2025.02.17 09:19:06 -04'00'

Michael Villanueva
Special Agent
Homeland Security Investigations

Sworn pursuant to FRCP 4.1 at 10:50 AM by telephone, on this 17th day of February 2025.

Hon. Marcos E. López
United States Magistrate Judge
District of Puerto Rico